McGREGOR W. SCOTT
United States Attorney
KIMBERLEY A. SANCHEZ
STEPHANIE HAMILTON BORCHERS
Assistant U.S. Attorneys
4401 Federal Building
2500 Tulare Street
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  ) <br>            Plaintiff, )<br>  )<br>     v. )<br>  )<br>CHARLES MUHAMMAD, )<br>aka "BUBBA," )<br>GLORIA RADFORD, )<br>JOHNNY RANDLE )<br>DEBRA MARTIN, aka "DEE," )<br>ROBERT SHEPARD, )<br>ROBERT WARD, AND )<br>YOLANDA BRAZZEL )<br>  )<br>            Defendants. )<br>_____) | 1:07-CR-00254 LJO<br><br>APPLICATION FOR ORDER<br>REGARDING CRIMINAL FORFEITURE<br>OF PROPERTY IN GOVERNMENT<br>CUSTODY - 18 U.S.C. §<br>983(a)(3)(B)(ii)(II) |

   The United States of America, through its counsel, hereby moves for an order allowing the Government to maintain custody of property already in the Government's possession pending the resolution of a criminal forfeiture matter. The grounds for the motion are as follows:

   On or about October 3, 2007, agents with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") executed Federal search warrants at 2584 S. Walnut in Fresno, California and 330 E. Tulare Street, Unit 336 in Fresno, California. The

agents seized the following assets during the execution of the search warrants:

    a)    Approximately $8,773.00 in U.S. Currency seized at the residence of Charles Muhammad located at 2584 S. Walnut in Fresno, California; and

    b)    Approximately $19,010.00 in U.S. Currency seized from Darrel's Mini Storage, located at 330 E. Tulare Street, Unit 336, in Fresno, California held in the name of Charles Muhammad.

Hereinafter, the above-referenced assets are collectively referred to as the "seized assets".

On October 11, 2007, the Grand Jury returned an Indictment containing forfeiture allegations that include the above-described assets. The Indictment alleges that the above-described assets are subject to forfeiture pursuant to 21 U.S.C. § 853.

The applicable forfeiture statute in this case is 21 U.S.C. § 853. That statute provides several methods for preserving property for the purpose of criminal forfeiture. One such provision authorizes a court upon the filing of an indictment charging an offense for which forfeiture may be ordered and alleging that specific property would, in the event of conviction, be subject to forfeiture to "take any other action to preserve the availability" of such property. *See* 21 U.S.C. § 853(e)(1)(A). Such restraining orders may be entered *ex parte*. And, in entering the order, the Court may rely on the grand jury's return of an indictment specifying that the property shall, upon conviction, be subject to forfeiture to the United States. *See, e.g., United States v. Jamieson*, 427 F.3d 394, 405-06 (6th Cir. 2005) (initial issuance of restraining order under

1  Section 853(e)(1)(A) may be *ex parte* and based on grand jury's
2  finding of probable cause).
3      The Government contends here that the "take any other action
4  to preserve the availability" of property provision of Section
5  853(e)(1)(A) applies in circumstances where, as here, the
6  Government has already obtained lawful custody of the assets
7  pursuant to a Federal search warrant, and the Government seeks to
8  continue to maintain custody of such assets pending further
9  criminal forfeiture proceedings.  Accordingly, pursuant to
10 Section 853(e)(1)(A) of Title 21, the United States respectfully
11 moves this court to issue an *ex parte* order based on the grand
12 jury's finding of probable cause that directs that the United
13 States may maintain custody of the seized assets through the
14 conclusion of the pending criminal case.
15 DATED: Oct. 31, 2007                McGREGOR W. SCOTT
                                       United States Attorney
16
17                                     /s/Stephanie Hamilton Borchers
                                       STEPHANIE HAMILTON BORCHERS
18                                     Assistant U.S. Attorney
19
20                              **ORDER**
21     This matter comes before the Court on the motion of the
22 United States for an Order authorizing the Government and its
23 agencies to maintain custody of certain property pending the
24 conclusion of the pending criminal case.  For the reasons
25 provided in the Government's motion, the Court makes the
26 following orders:
27     IT IS HEREBY ORDERED, that the United States and its
28 agencies, including the Bureau of Alcohol, Tobacco, Firearms, and

3

Explosives are authorized to maintain and preserve the following assets until the conclusion of the instant criminal case, or pending further Order of this Court:

    a)    Approximately $8,773.00 in U.S. Currency seized at the residence of Charles Muhammad located at 2584 S. Walnut in Fresno, California; and

    b)    Approximately $19,010.00 in U.S. Currency seized from Darrel's Mini Storage, located at 330 E. Tulare Street, Unit 336, in Fresno, California held in the name of Charles Muhammad.

IT IS SO ORDERED.

**Dated:   November 2, 2007**          **/s/ Lawrence J. O'Neill**
                                                 UNITED STATES DISTRICT JUDGE